First case is Daniel Smith v. Secretary of Veterans Affairs, 2023-2013. Mr. Carpenter. Thank you very much, Your Honor. Good morning. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Daniel Smith. This Court, in its Wagner decision, recognized that when Congress enacted the presumption created under 38 U.S.C. section 1111, it imposed upon the Secretary an evidentiary burden to rebut both prongs of the presumption of service connection as set out in the statute. Congress set... But Mr. Carpenter, isn't this case about whether he was in sound condition or whether his condition was aggravated? Aren't those facts? I do not believe so under the legal standard that was created by Congress in 1111. I was about to say that Congress set the highest legal standard available in Title 38 and imposed that legal standard on the Secretary to come forward with clear and unmistakable evidence to rebut the presumption that a veteran such as Mr. Smith, who was entered into service without any pre-existing condition noted, would be presumed to have been sound unless the Secretary can rebut that presumption. The Secretary in this case did not rebut that presumption and relied upon evidence of a lower legal standard that is as likely as not to prove rather than the legal standard. Mr. Carpenter, you're asking us to apply law to facts. I am not, Your Honor. That is not an application of law to facts. That is a question of law as to what the correct legal standard is and whether that legal standard was met by the board and correctly determined by the Veterans Court in its de novo review of whether or not they did or did not meet that legal standard. Can I get at the same point in a slightly different way? The Veterans Court and the board, after this bounce back and forth to make sure that the board was focusing on the right legal standard, both did the board found and the Veterans Court proved the board's finding that the clear and unmistakable standard was met. It seems to me that you have to either be saying it just wasn't met, and that I think is a straight up factual question, or your second point is that there's a legal error in relying on the absence of evidence in order to meet the clear and unmistakable evidence standard. That at least has the formulation of a legal argument, and the problem I have with that is I don't think the Veterans Court relied on that because it said it wasn't relying on that and it was in fact relying on Dr. Wilson's affirmative evidence. So where is there something that the board did that's legally incorrect? It did not. It found that the secretary had met its burden to rebut the second prong of the presumption of soundness. They did not rebut that presumption. That is a question of law, not a question of fact, and under the legal standard that is imposed by Congress under 1111, the secretary must present clear and unmistakable evidence to rebut both prongs of the presumption. The secretary did finally rebut the first prong, but that left the second prong, and that second prong under this court's case in Wagner clearly imposes the burden on the secretary to come forward with clear and unmistakable evidence to rebut that there was either no aggravation of the preexisting condition while on active duty or that any increase was the result of the natural progression. The second portion of that has never been at issue. All that has been at issue is whether or not there was or was not clear and unmistakable evidence of an increase in the severity of the condition while on active duty. There is no such evidence in this record as a matter of law. When Congress set this legal standard, this court must presume that it knew what it was doing. There is no other statute that I am aware of in Title 38 that uses this legal standard and imposes it not on the claimant but upon the secretary, and the secretary must meet its evidentiary burden, and that evidentiary burden as a matter of law was not met. You either use the right legal standard or you don't. In this case, the evidence for the second prong of the legal standard comes from the May 2012 opinion of Dr. Wilson, which is at Appendix 115 to 117. And in that opinion, he is responding to questions that were placed by the VA. I direct the court's attention to Appendix 116. At 116, the question at the very bottom of the page under the small B question, if so, did the condition, at least as likely as not, increase in severity in service? Right. That's what I think I was referring to in a shorthand back and forth. And because of that language, the Veterans Court initially said, you have to go back and do this again because when Dr. Wilson went on, he did actually use language that said, in substance, and the board found that it meant in substance, that this was clear and unmistakable that there had been no increase in severity. And then after the remand, the board reiterated that now actually using the correct legal standard, indicating that the as likely as not standard that was articulated earlier was really beside the point. So what you're left with is a, as a matter of law, this evidence cannot suffice. Except, Your Honor, that's not what happened. The only evidence are the two medical opinions from Dr. Wilson, one in May of 2012 and the other in September of 2012. The corrective opinion in September of 2012, more than a decade ago, corrected the question on the first prong. And we concede that the first prong, based upon that correction at Appendix 179, does in fact rebut the first prong because he says categorically there is no evidence of record to, or excuse me, it is a virtual certainty that these findings existed, meaning the findings of retinitis pigmentosa existence, preexisted his entrance to service. That rebutted prong one. But under Wagner, there are two prongs that Congress required, the same evidentiary burden. And once the first prong is rebutted, under the Wagner holding, and this panel is bound by that holding, says that you must now, Mr. Secretary, present clear and unmistakable evidence to rebut that there was either no aggravation during the period of service or that this was the natural progression and you must do so by clear and unmistakable evidence. When they corrected this in September of 2012 to save the first prong, they did not save the second prong because the VA asked the wrong question. The question presented was, did the condition as likely as not increase in severity? The question should have been, is there clear and unmistakable evidence in your medical opinion that this condition did not increase in service? That was not the question posed. And the answer to the question was, by Dr. Wilson, the veteran's condition is, and then he underlines, less likely as not to have increased in severity in service. That is the wrong legal standard. This court cannot permit an error of law to have been made by the veteran's court in affirming a board decision that simply used the wrong legal standard, which was the issue that was presented here as a question of law. There is no doubt, and the result of this court's decision in Kent, that the veteran's court was reviewing that conclusion as a question of law, not as an application of fact. And that there was no deference given to the decision of the board in the veteran's determination, or excuse me, in the determination of the board. Unless there's further questions from the panel, I'll reserve the balance of my time. We will serve it for you, Mr. Carpenter. Ms. Fomenkova? Good morning, Your Honors. May it please the court. Both the board and the veteran's court applied the undisputably correct legal standard in this case. They looked into whether the board, excuse me, whether the secretary proved by clear and unmistakable evidence both prongs to rebut the presumption of soundness. The first one is undisputedly conceded, and in the second one, both the board and the veteran's court explicitly concluded that the secretary met that burden. What we're left here with is a paradigmatic example of a challenge to the application of law to fact, and the sufficiency in fact of the evidence as to whether or not that presumption was rebutted. And that question lies beyond the jurisdiction of this court. So can you address, I think Mr. Carpenter focused very much on the fact that the question with respect to the increase in severity prong put to Dr. Wilson was the wrong question. So I have two responses to that, Your Honor. My first response is sort of as a matter of principle, I think that's the wrong focus. The question isn't, it wasn't Dr. Wilson's responsibility to determine whether that burden was met or not. That was the board's responsibility, and then it was reviewed by the veteran's court. And both the board and the veteran's court looked at the totality of Dr. Wilson's opinion and explicitly held that sort of the opinion read as a whole, including the underlying evidence that it presented, that that rose to the level of clear and unmistakable evidence, notwithstanding the sort of initial high level use of the less likely than not language. The other thing I would point out to the court, if we look at appendix page 117, which is Dr. Wilson's opinion, there was another question that was asked of him, question C, which asked, is there clear and unmistakable evidence that any increase in service was due to natural progression of the disease? And Dr. Wilson responded no and explained that there is no evidence of any increase of the vision problem progressed in the service. And that is an answer to a question framed in the correct legal standard that also addresses what Wagner says is one of the things, one of the ways in which the secretary can meet its burden by establishing that there was no increase in disability during service at all. And so the question of whether it was as a result of service or as a result of the natural progression of the disease becomes sort of a metaphysical question because there's no increase in the first place. And that's what Dr. Wilson reported here and was part of what the board and the Veterans Court, the board relied on in its finding that the clear and unmistakable evidence standard was met and the Veterans Court affirmed based on its review of the board's decision that it was met. So I think we're covered on both aspects of that question in this particular case. There are no other questions from the court. We would ask that the court dismiss this appeal. Well, as we've said before, one doesn't lose points by not using up all the time. Mr. Carpenter has some rebuttal time. There wasn't a lot to rebut, but you're entitled. The government's representation of this court that the correct legal standard was applied is simply not supported by the record. The notion that there is a totality of evidence legal standard is simply not supported by this court's decision in Wagner. This court in Wagner is very clear. It's not a to determine whether or not there is clear and unmistakable evidence of one of the two matters that would allow for the rebuttal of the second prong of the presumption. What the government did was to rely upon... Isn't that what actually happened in this case? That that's the standard that was applied, except it seemed like maybe they used the wrong wording instead of saying clear and unmistakable. They said it was less likely than not, but underneath it all, wasn't the correct standard applied? I do not believe so, your honor, because it relies upon, as my colleague just pointed out to the court, the answer to the C question, which is based entirely upon the absence of evidence. This court has made clear that the absence of evidence is not evidence. Therefore, you can't infer this when we're talking about a legal standard created by Congress imposed upon the secretary. We believe that that's a question of law. If you agree, you should reverse. If you disagree, then obviously you will affirm. Thank you very much, your honor. Is there any further questions? Thank you, Mr. Carpenter. The case is submitted.